## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

LOGAN CAMPBELL,

      Plaintiff,

v.

VITAS HEALTHCARE CORPORATION,
a Delaware corporation,

      Defendant.

_____/

### COMPLAINT

Plaintiff LOGAN CAMPBELL, (hereinafter "Plaintiff" or "CAMPBELL") by and through his undersigned attorney hereby files his Complaint and sues defendant VITAS HEALTHCARE CORPORATION (hereinafter, "Defendant" or "VITAS"), a Delaware corporation, and says:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)) and 41 U.S.C. § 1981 et seq. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1367.

2. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

1

**PARTIES**

4. Plaintiff is a citizen of the United States and at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

5. Plaintiff is a Black male and is a member of a class protected under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act because the terms, conditions, and privileges of his employment were altered because of his race.

6. Defendant is a Delaware corporation organized in Delaware but operating and existing in Florida with its principal place of business in Miami, Florida. Plaintiff worked in one of Defendant's locations in Fort Lauderdale, Florida and all the actions complained of herein took place at that location and within the Southern District of Florida.

7. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

8. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

9. Plaintiff's Charge was filed on August 14, 2015. The actions complained of herein occurred no more than 300 days before that date and/or continued from that date stemming from the same actions set forth in the Charge.

10. The last known date of any form of discriminatory conduct on Defendant's part against Plaintiff occurred on June 2, 2015.

11. Plaintiff was issued a Notice of Right to Sue on October 23, 2015.This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

12. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff began working for Defendant on March 2, 2015 in the Office Services Department as an Office Service Clerk.

13. Plaintiff's direct supervisor was Juan Merchan (Hispanic).

14. During the course of his employment, Plaintiff observed that Merchan treated the Black employees in the department less favorably than a White employee named Jeff Wellham. Wellham held the same title as Plaintiff upon information and belief.

15. On or about March 16, 2015, Plaintiff was verbally warned for alleged "insubordination" by Merchan for not completing an assigned task. Plaintiff and Wellham were assigned this task, but Wellham refused to complete the task and Plaintiff therefore was not able to complete it.

16. Wellham became aggressive with Merchan at the time, but was not disciplined by Merchan for insubordination.

17. Merchan allowed Wellham to leave work early as he pleased, but required Plaintiff and other Black employees to stay until the end of their shift.

18. CAMPBELL was then terminated on June 2, 2015 by Merchan, Donna Borland (General Manager), and Andrea Stubbs (Human Resources). None of those named individuals offered a reason to Plaintiff for his termination.

19. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

**COUNT ONE:**
**VIOLATION OF THE CIVIL RIGHTS ACT**
**(DISPARATE TREATMENT BASED ON RACE)**

20. Plaintiff re-avers and re-states paragraphs 1–19, above, as though the same were fully re-written herein, and says:

21. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of his race, Black.

22. Plaintiff is a member of a protected class, to wit, Black.

23. Defendant, by and through Merchan, terminated CAMPBELL after verbally warning him for insubordination which was unfounded.

24. The manner in which CAMPBELL was treated was less favorable than the manner in which Merchan treated Wellham, a co-worker who had the same title as Plaintiff, but was White.

25. Specifically, Wellham refused to complete the very task for which Plaintiff was verbally warned about and was not written up. Because Wellham refused to complete the task with Plaintiff, Plaintiff was not able to complete the task on time. Thus, CAMPBELL was issued a verbal warning.

26. Wellham also yelled and became aggressive with Merchan, but was not disciplined for his actions.

4

27. Defendant then terminated CAMPBELL. Although no formal reason for his termination was provided to CAMPBELL, he believes upon all available information that Defendant used the verbal warning as a basis for their decision.

28. Merchan, Borland, and Stubbs, at all times relevant to this action, acted on behalf of Defendant and acted within the scope of their duties.

29. As a direct result of Merchan's disparate treatment of Plaintiff due to his race, Plaintiff was terminated.

30. Plaintiff is therefore entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

31. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Merchan, Borland, and Stubbs, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

32. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

WHEREFORE, Plaintiff LOGAN CAMPBELL requests that:

a) The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

b) The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT TWO:
## INTENTIONAL RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

33. Plaintiff re-avers and re-states paragraphs 1–19, above, as though the same were fully re-written herein, and says:

34. Plaintiff is Black.

35. Defendant has intentionally discriminated against Plaintiff on the basis of his race as set forth above in violation of Section 1981.

36. Defendant intentionally allowed Merchan to issue discipline to Plaintiff based on unfounded circumstances, yet choose to not issue appropriate disciplinary action to Wellham, a White employee with the same title.

37. Wellham openly refused to complete a task and then became aggressive with Merchan but was not disciplined in any manner.

38. Merchan's actions, which were ratified by Defendant in that Merchan was a manager acting within the scope of his duties and were ratified by other employees of Defendant, were met to have an adverse action on Plaintiff as a Black employee.

39. As a direct and proximate result of Defendant's intentional discriminatory treatment, CAMPBELL suffered, and will continue to suffer, loss of income based on the practices of Defendant which lead to his termination.

40. Plaintiff has also experienced emotional pain and suffering due to Defendant's intentional and disparate treatment of him based on his race.

41. Defendant's actions were intentional and willful and Plaintiff should be awarded punitive damages as permitted under the law.

WHEREFORE, Plaintiff LOGAN CAMPBELL requests that:

a) The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with Section 1981;

b) The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT THREE:**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(DISPARATE TREATMENT BASED ON RACE)**

42. Plaintiff re-avers and re-states paragraphs 1–19, above, as though the same were fully re-written herein, and says:

43. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11, based on his race.

44. Plaintiff is a member of a protected class, to wit, Black.

45. Defendant, by and through Merchan, terminated Plaintiff after verbally warning him for insubordination which was unfounded.

46. The manner in which CAMPBELL was treated was less favorable than the manner in which Merchan treated Wellham, a co-worker who had the same title as Plaintiff, but was White.

47. Specifically, Wellham refused to complete the very task for which Plaintiff was verbally warned about and was not written up. Because Wellham refused to complete the task with Plaintiff, Plaintiff was not able to complete the task on time. Thus, Plaintiff was issued a verbal warning.

48. Wellham also yelled and became aggressive with Merchan, but was not disciplined for his actions.

49. Defendant then terminated CAMPBELL. Although no formal reason for his termination was provided to CAMPBELL, he believes upon all available information that Defendant used the verbal warning as a basis for their decision.

50. Merchan, Borland, and Stubbs, at all times relevant to this action, acted on behalf of Defendant and acted within the scope of their duties.

51. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages and benefits, pursuant to the provisions of the FCRA.

52. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Merchan, Borland, Stubbs, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

53. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

WHEREFORE, Plaintiff LOGAN CAMPBELL requests that:

a.  The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b.  The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff LOGAN CAMPBELL demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 21, 2016.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

By:   **/s/ Charles Eiss**
CHARLES M. EISS, Esq.
Fla. Bar #612073
ceiss@icelawfirm.com
LINDSAY M. MASSILLON, Esq.
Fla. Bar #92098
lmassillon@icelawfirm.com

9